IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES                                                      PLAINTIFF/RESPONDENT

v.                      NO. 2:11-CR-20006-001

MATTHEW S. STEPHENS                           DEFENDANT/PETITIONER

O R D E R  for  EVIDENTIARY HEARING

Before the court is the Defendant Motion to Vacate (ECF No. 19) filed on January 22, 2013. The Government filed its Response (ECF No. 22) on February 22, 2013 and the Defendant filed his Reply (ECF No. 27) on March 1, 2013.

A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless " 'the motion and the files and the records of the case conclusively show that [he] is entitled to no relief.' " *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 835-36 (8th Cir.2005) (alteration in original) (quoting 28 U.S.C. § 2255). No hearing is required, however, "where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Watson v. United States*, 493 F.3d 960, 963 (8th Cir.2007) (internal quotation omitted). *Anjulo-Lopez v. U.S.* 541 F.3d 814, 817 (C.A.8 (Mo.),2008).

The Defendant was arrested on June 21, 2010 and charged in Sebastian County Circuit court on June 22, 2010 with Delivery of Methamphetamine, Possession of Drug Paraphernalia, Maintaining a Premises for Drug Activity and being a Felon in Possession of a Firearm in Case Number CR 10-00662. He was also charge as being a habitual criminal. On August 11, 2010 the Defendant entered a plea of guilty to Delivery of methamphetamine, Possession of Drug

Paraphernalia and Maintaining a Premises for Drug Activity and was sentenced to the Arkansas Department of Corrections for 30 years. The Felon in Possession of a Firearm charge was nol prossed.

On January 13, 2011 the Defendant was named in a one-count Indictment returned by the Grand Jury for the Western District of Arkansas on January 13, 2011. (Doc. 1). Count One charged that Stephens, on or about June 21, 2010, in the Western District of Arkansas, having been previously convicted of a crime punishable by imprisonment exceeding one year, knowingly possessed a firearm, specifically a Republic Arms .45 caliber pistol, serial number M003237, which had been shipped and transported in interstate commerce in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

On May 24, 2011, Stephens appeared with counsel before the Honorable P. K. Holmes, III, for a change of plea hearing. (Doc. 12). A written plea agreement was presented to the court which set forth that Stephens would agree to plead guilty to the One Count Indictment which charged him with being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. 13).

On October 19, 2011, Stephens appeared for sentencing. (Doc. 15). Stephens' objections to the PSR were reviewed in open court but were overruled by the Court. (Id.). Defense counsel motioned for a sentence outside the advisory guidelines range to which the United States did not object and the Court imposed a sentence below the advisory guidelines range sentencing Stephens to 180 months imprisonment, 5 years supervised release, $5,000 fine, and a $100 special assessment. (Docs. 17, 18).

On January 22, 2013, Stephens filed the instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the § 2255 Motion)

alleging his counsel advised him (1) the plea agreement and subsequent sentencing would replace his sentence under a prior state court conviction and (2) that he would receive credit for time previously served under his state court sentence. (Doc. 19). The Government has objected to the Petition contending that it is not timely. In the Reply the Defendant has attached affidavits from the Defendant and the Defendant's father which support the Defendant's claim that the Defendant's attorney represented that entering into the plea agreement with the Government would allow the Defendant to serve his prior state sentence at a federal institution and that his federal sentence would be concurrent with his federal sentence. (ECF 26-1, ¶6; and ECF No. 26-2, ¶5). The Government provided no affidavit from the Defendant's attorney.

The Government has raised the issue of the Statute of Limitations however a prisoner whose petition is belatedly filed may take advantage of equitable tolling where extraordinary circumstances beyond his control make it impossible for him to file a petition on time or when the action of the respondent lulled him into inaction. *Jihad v. Hvass*, 267 F.3d 803, 805 (8thCir. 2001).

It appears to the court that an Evidentiary Hearing is required to develop the record concerning the claims of the Defendant and the defenses of the Government and the matter will be set for a hearing by separate order after allowing adequate time to investigate and prepare.

IT IS SO ORDERED this April 17, 2013.

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
Chief United States Magistrate Judge